1  **LAW OFFICES OF KENNETH I. GROSS & ASSOCIATES**
   **KENNETH I. GROSS, ESQ., Bar #117838**
2  **(kgross@kigrosslaw.com)**
   **THOMAS D. SHAMBAUGH, ESQ. Bar #184625**
3  **(tshambaugh@kigrosslaw.com)**
   **849 S. Broadway, Suite 504**
4  **Los Angeles, California 90014-3232**
   **Tel. (213) 627-0218**
5  **Fax. (213) 623-4628**

6  Attorneys for Defendant MENGYI JIA

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  CARMEN JOHN PERRI,              ) CASE NO.: 8:19-cv-01262-JAK-JPRx
                                    )
12              Plaintiff,          )
                                    )  **ANSWER TO COMPLAINT**
13                                  )  **AND CROSS CLAIM**
                                    )
14      v.                          )  **DEMAND FOR JURY TRIAL**
                                    )
15                                  )
    MENGYI JIA, et al.,             )
16                                  )
                Defendants.         )
17  _____ )

18

19        COMES NOW Defendant MENGYI JIA, for herself alone, and answers

20  plaintiff's complaint as follows:

21        1.     Defendant is without sufficient knowledge to form a belief as to the

22  truth of the allegations contained in Paragraph 1 of the Complaint and therefore

23  denies all allegations contained therein.

24        2.     Defendant is without sufficient knowledge to form a belief as to the

25  truth of the allegations contained in Paragraph 2 of the Complaint and therefore

26  denies all allegations contained therein.

27

28                                  1

3.      Defendant admits the allegations of paragraph 3 of the Complaint.

4.      Defendant admits the allegations of paragraph 4 of the Complaint.

5.      Defendant admits the allegations of paragraph 5 of the Complaint.

6.      Defendant admits the allegations of paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      As a statement constituting a legal conclusion, no response to Paragraph 8 is required. To the extent that a response is required, Defendant denies all additional allegations in Paragraph 8.

9.      As a statement constituting a legal conclusion, no response to Paragraph 9 is required. To the extent that a response is required, Defendant denies all additional allegations in Paragraph 9.

10.     As a statement constituting a legal conclusion, no response to Paragraph 10 is required. To the extent that a response is required, Defendant denies all additional allegations in Paragraph 10.

11.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies all allegations contained therein.

12.     Defendant admits the allegations of paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the

2

1   Complaint.

2        17.    Defendant denies the allegations contained in paragraph 17 of the

3   Complaint.

4        18.    Defendant denies the allegations contained in paragraph 18 of the

5   Complaint.

6        19.    Defendant is without sufficient knowledge to form a belief as to the

7   truth of the allegations contained in Paragraph 19 of the Complaint and therefore

8   denies all allegations contained therein.

9        20.    Defendant is without sufficient knowledge to form a belief as to the

10  truth of the allegations contained in Paragraph 20 of the Complaint and therefore

11  denies all allegations contained therein.

12       21.    Defendant is without sufficient knowledge to form a belief as to the

13  truth of the allegations contained in Paragraph 21 of the Complaint and therefore

14  denies all allegations contained therein.

15       22.    Defendant is without sufficient knowledge to form a belief as to the

16  truth of the allegations contained in Paragraph 22 of the Complaint and therefore

17  denies all allegations contained therein.

18       23.    Defendant is without sufficient knowledge to form a belief as to the

19  truth of the allegations contained in Paragraph 23 of the Complaint and therefore

20  denies all allegations contained therein.

21       24.    Defendant denies the allegations contained in paragraph 24 of the

22  Complaint.

23       25.    Defendant denies the allegations contained in paragraph 25 of the

24  Complaint.

25       26.    Defendant denies the allegations contained in paragraph 26 of the

26  Complaint.

27

28                                        3

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant admits and denies as is consistent with paragraphs 1 through 28 above and the rest of the answer.

30.    As a statement constituting a legal conclusion, no response to Paragraph 30 is required. To the extent that a response is required, Defendant denies all additional allegations in Paragraph 30.

31.    As a statement constituting a legal conclusion, no response to Paragraph 31 is required. To the extent that a response is required, Defendant denies all additional allegations in Paragraph 31.

32.    As a statement constituting a legal conclusion, no response to Paragraph 32 is required. To the extent that a response is required, Defendant denies all additional allegations in Paragraph 32.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies all allegations contained therein.

35.    Defendant admits and denies as is consistent with paragraphs 1 through 34 above and the rest of the answer.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

The remainder of Plaintiff's Complaint, beginning with the word "WHEREFORE" constitutes a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Defendant denies that the relief requested is proper or justified by the facts of this case.

Defendant denies any and all allegations not specifically admitted above.

## GENERAL DENIAL

Defendant denies each and every allegation and averment in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The complaint of plaintiff and each and every claim set forth therein fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing because Plaintiff was not deterred from visiting the premises, nor can Plaintiff establish intent to visit the premises in the future.

### THIRD AFFIRMATIVE DEFENSE

The facility was first occupied before January 26, 1993, has not been altered to affect the usability of the facility since that time, and removal of the alleged barriers is not readily achievable.

5

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's requested modifications to the business would pose an undue burden on Defendants.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any harm and may be entitled to any damages, both of which Defendant denies, co-defendant MSM Carson, L.L.C. is liable for indemnity and/or contribution.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

## CROSS-CLAIM OF MENGYI JIA
## AGAINST MSM CARSON, L.L.C.

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Cross-complainant MENGYI JIA ("Jia"), files this Cross-Claim against MSM CARSON, L.L.C., and alleges as follows:

## JURISDICTION AND VENUE

1.      This cross claim arises out of the transactions and occurrences that are the subject matter of Plaintiff's Complaint on file herein and relates to the property that is the subject matter of said action.  This Court has jurisdiction over this cross-claim and the parties to it under 28 U.S.C. §§1331 and 1343, and Fed.R.Civ.P. 13.

2.     Venue is proper in this District under 28 U.S.C. §1391 because the events or omissions giving rise to the claim occurred here and the subject property is situated here.

**PARTIES/ FACTS**

3.     Cross-complainant is informed and believes and therefore alleges that Cross-defendant MSM CARSON, L.L.C. ("MSM Carson") is a corporation authorized to do business in the State of California and is the owner and landlord of the property complained of by Plaintiff in the Complaint and which is the subject of this litigation.

4.     On or about June 23, 2019, Plaintiff filed a Complaint against Defendants Mengyi Jia and MSM Carson,  seeking damages and remedies under state and federal law.  He alleges that he was denied equal and full access to a business operated by Jia because of his disability.  The business was leased in part, by Cross-complainant from Cross-defendants, the owner of the property and landlord of Jia's business.

5.     Pursuant to the lease agreement between Jia and MSM Carson, Jia did not lease any part of the common areas or parking lot of the property, is not responsible for design or maintenance of the parking lot, nor has any control over or right to make changes to or configure the parking lot or any of the spaces therein.

6.     On or about July 22, 2019, Jia, through counsel, tendered for defense and indemnification to MSM Carson the Complaint in this case.  Jia did not receive a response.

**FIRST CAUSE OF ACTION FOR INDEMNITY AND DEFENSE REGARDING PLAINTIFF'S CLAIMS FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

**(Against MSM Carson, L.L.C.)**

7.     Cross-complainant realleges paragraphs 1-6 of the cross-claim and incorporates them by reference as though fully set forth herein.

8.     Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Cross-complainant MENGYI JIA files this cross-claim against MSM CARSON, L.L.C., for indemnity and defense pursuant to the lease agreement between Jia and MSM Carson.  Pursuant to the lease agreement, cross defendants are responsible for the common areas of the property including the parking lot. Jia seeks the cross-defendants to assume responsibility for the common areas of the property which are subject of the first cause of action of Plaintiff's complaint for alleged violations of the Americans With Disabilities Act.

9.     Pursuant to the lease agreement, Jia seeks an award of attorney fees and costs to defend the underlying action by Plaintiff, and to enforce the terms and provisions of the lease by way of this Cross-claim.

**SECOND CAUSE OF ACTION FOR INDEMNITY AND DEFENSE REGARDING PLAINTIFF'S CLAIMS FOR VIOLATION OF THE CALIFORNIA CIVIL CODE**

**(Against MSM Carson, L.L.C.)**

10.     Cross-complainant realleges paragraphs 1-9 of the cross-claim and incorporates them by reference as though fully set forth herein.

11.     Pursuant to the lease agreement, cross defendant is responsible for the common areas of the property including the parking lot.  Jia seeks the cross-defendants to assume responsibility for the common areas of the property which are subject of the second cause of action of Plaintiff's complaint for alleged violations of California Civil Code section 51 et seq.

8

12.     Pursuant to the lease agreement, Jia seeks an award of attorney fees and costs to defend the underlying action by Plaintiff, and to enforce the terms and provisions of the lease by way of this Cross-claim.

## THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF
### (Against MSM Carson, L.L.C.)

13.     Cross-complainant realleges paragraphs 1-12 of the cross-claim and incorporates them by reference as though fully set forth herein.

14.     Pursuant to the lease agreement, cross defendants are responsible for the common areas of the property including the parking lot.  Jia seeks the cross-defendants to assume responsibility for the common areas of the property which are subject of Plaintiff's complaint.

15.     Pursuant to the lease agreement, Jia seeks an award of attorney fees and costs to defend the underlying action by Plaintiff, and to enforce the terms and provisions of the lease by way of this Cross-claim.

16.     A controversy now exists between Jia and cross-defendants, and each of them, in that cross-defendants deny that they are required to remedy any claimed deficiencies in the parking lot of the subject property, or to defend and indemnify Jia with regard to the underlying complaint in this case.

17.     Plaintiffs request a declaration that cross-defendants are solely responsible for the common areas of the property including the parking lot, and that cross-defendants are required todefend and indemnify Jia with regard to the underlying complaint in this case.

**WHEREFORE**, Defendant prays as follows:

1.  That plaintiff's complaint be dismissed;

9

2.  That plaintiff take nothing by way of its complaint;

3.  That Defendant be awarded costs of suit;

4.  That Defendant be awarded reasonable attorney fees;

5.  That Defendant have such other and further relief the Court deems just and proper;

6.  That Cross-complainant's cross-claim be granted;

7.  For an Order that cross-defendants must defend and indemnify cross-complainant with regard to

the underlying complaint in this case;

8.  For a Declaratory Judgment that cross-defendants are required to cure or remedy the accessibility barriers complained of by Plaintiff, if any such exist, with regard to the common areas and parking lot of the subject property;

9.  That Cross-complainant be awarded costs and reasonable attorney fees; and

10.  That Cross-complainant have such other and further relief the Court deems just and proper.

Dated: August 5, 2019                    LAW OFFICES OF
                                         KENNETH I. GROSS & ASSOCIATES


                                         By /s/ Kenneth I. Gross

                                         Kenneth I. Gross, Esq.
                                         Thomas D. Shambaugh, Esq.
                                         Attorneys for Defendant
                                         MENGYI JIA

10

1

## DEMAND FOR JURY TRIAL

2

Defendant  hereby demands trial by jury in this case.

3

4

Dated:        August 5, 2019

5

By /s/ Kenneth I. Gross

6

Kenneth I. Gross, Esq.

7

Thomas D. Shambaugh, Esq.
Attorneys for Defendant

8

MENGYI JIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11