LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION
STEVEN A. FREUND, ESQ. (SBN 182645)
P.O. Box 911457
Los Angeles, California 90091
sfreund@freundlawfirm.com
310-284-7929
310-284-8341 (fax)

Attorneys for Defendant,
MSM Carson, L.L.C.

# THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>                    Plaintiff,<br>vs.<br><br>MENGYI JIA, an individual; MSM CARSON, L.L.C., a California limited liability company; and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br>     AND RELATED CROSS-ACTION | Case No.: CV 08:19-01262 JAK (JPRx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MSM CARSON, L.L.C. TO COMPLAINT OF CARMEN JOHN PERRI.** |

Defendant MSM Carson, L.L.C. ("MSM"), by and through undersigned counsel, hereby answers Plaintiff's Complaint and alleges as follows:

## PARTIES

1.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 and on that basis denies them.

2.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3.  Defendant admits the allegations of paragraph 3.

4.  Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

## JURISDICTION AND VENUE

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies each and every allegation.

10. Admitted that the subject property is located in this district. The remaining allegations in this paragraph are denied.

11. Defendant denies the allegations of paragraph 11.

12. Defendant admits the allegations of paragraph 12.

13. The allegations in paragraph 13 are unintelligible as written and subject to numerous definitions.  Consequently, Defendant denies the allegations in paragraph 13.

14. The allegations in paragraph 14 are unintelligible as written and subject to numerous definitions.  Consequently, Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies them.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies them.

22. In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies each and every allegation.

23. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies them.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

## FIRST CAUSE OF ACTION

## AMERICA WITH DISABILITIES ACT

## 42 U.S.C. §12181 *et seq.*

29. In response to Paragraph 29, Defendant incorporates its responses to the previously alleged paragraphs of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument. Defendant denies each and every allegation.

33. Defendant denies the allegations of paragraph 33.

34. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies them.

## SECOND CAUSE OF ACTION

## UCRA

## CALIFORNIA *Civil Code* §51 *et seq.*

35. In response to Paragraph 35, Defendant incorporates its responses to the previously alleged paragraphs of the Complaint.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38.     Defendant denies the allegations of paragraph 38.

The remainder of Plaintiff's Complaint beginning with the words "WHEREFORE" constitutes a prayer for specific relief to which no answer is required.  To the extent a response is appropriate, Defendant denies that the relief requested is proper or justified by all the facts of this case.

## ANSWER TO ALL ALLEGATIONS

All other allegations not specifically admitted are hereby denied.  Defendant further denies that Plaintiff is entitled to any relief sought in the Complaint, or any relief whatsoever from Defendant.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's causes of actions and claims. These affirmative defenses are proffered with the caveat that Defendant has not had the opportunity to undertake any discovery in this matter. Accordingly, Defendant reserves the right to amend this Answer to include additional affirmative defenses and/or additional factual bases for affirmative defenses stated below to the extent Defendant deems such amendment(s) necessary.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.  Defendant does not intend to assume the burden of proof with respect to those matters for which, pursuant to law, Plaintiff bears the burden.

### First Affirmative Defense
(Failure to State a Claim)

1.     The Complaint fails to state a claim upon which relief can be granted against Defendant.

### Second Affirmative Defense
(Lack of Standing)

2.     Plaintiff lacks standing because Plaintiff did not visit the premises, Plaintiff was not deterred from visiting the premises, nor can Plaintiff establish intent to visit the premises in the future.

### Third Affirmative Defense

(Statute of Limitations)

3. Plaintiff's claims are barred by the statute of limitations because Plaintiff did not visit the subject premises, nor was not deterred from visiting the subject premises within the two years before the Complaint was filed.

### Fourth Affirmative Defense

(Existing Facility Before January 26, 1993)

4. The facility was first occupied before January 26, 1993, has not been altered to affect the usability of the facility since that time, and removal of the alleged barriers is not readily achievable.

### Fifth Affirmative Defense

(Undue Burden)

5. Plaintiff's requested modifications to the business would pose an undue burden on Defendant.

### Sixth Affirmative Defense

(Not Readily Achievable Alteration)

6. Removal of the alleged barriers is not readily achievable.

### Seventh Affirmative Defense

(Equal Applicability)

7. Plaintiff's claim under the Unruh Act is barred to the extent that it interferes with Defendant's compliance with laws and regulations that are equally applicable to all persons.

### Eighth Affirmative Defense

(Failure to Mitigate Damages)

8. Plaintiff has failed to mitigate his damages, if any.

### Ninth Affirmative Defense

(Accessible When Viewed In Its Entirety)

9. Plaintiff's claims are barred because the facility is readily accessible to and usable by Plaintiff when viewed in its entirety.

**Tenth Affirmative Defense**

(Mootness)

10. Plaintiffs' claims are barred under the doctrine of mootness because the barriers alleged by Plaintiffs, if there were any, have been remediated.

**Eleventh Affirmative Defense**

(Estoppel)

11. Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

**Twelfth Affirmative Defense**

(Lack of Notice)

12. Plaintiff's claims are barred because Plaintiff failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

**Thirteenth Affirmative Defense**

(Unclean Hands)

13. Without admitting any allegations of the Complaint, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by the Doctrine of Unclean Hands by reason of Plaintiff's own acts, omissions and conduct.

**Fourteenth Affirmative Defense**

(Violation of Due Process)

14. The imposition of punitive damages in this matter would violate Defendant's right to due process of law in violation of the California Constitution and the United States Constitution.

**Fifteenth Affirmative Defense**

(Violation of Constitutional 8th Amendment)

15. The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

**Sixteenth Affirmative Defense**

(No Supplemental Jurisdiction)

16. This Court lacks supplemental jurisdiction over Plaintiff's state law claims.

WHEREFORE, thus answering Defendant prays for judgment as follows:

1. That Plaintiff take nothing by virtue of its Complaint;
2. For costs of suit incurred herein; and
3. For such other relief as the Court may deem just and proper.

Dated: 12-4-19

LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION


By_____/s/_____
Steven A. Freund,
Attorneys for Defendant MSM Carson, L.L.C.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all issues so triable.

Dated: 12-4-19

LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION


By_____/s/_____
Steven A. Freund,
Attorneys for Defendant MSM Carson, L.L.C.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MSM CARSON, L.L.C. TO COMPLAINT
Case No.: CV 08:19-01262 JAK (JPRx)