LAW OFFICE OF STEVEN A. FREUND
A PROFESSIONAL CORPORATION
STEVEN A. FREUND, ESQ. (SBN 182645)
P.O. Box 911457
Los Angeles, California 90091
sfreund@freundlawfirm.com
310-284-7929
310-284-8341 (fax)

Attorneys for Defendant/Cross-Cross-Defendant,
MSM Carson, L.L.C.

# THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual, <br><br>         Cross-Complainant, <br><br>vs. <br><br>MENGYI JIA, an individual; MSM CARSON, L.L.C., a California limited liability company; and DOES 1 through 10, inclusive, <br><br>         Cross-Defendants. <br><br>AND RELATED CROSS-ACTION | Case No.: CV 08:19-01262 JAK (JPRx) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF CROSS-CROSS-DEFENDANT MSM CARSON, L.L.C. TO CROSS-CROSS-COMPLAINT OF MENGYI JIA.** |

    Cross-Defendant MSM Carson, L.L.C. ("MSM"), by and through undersigned counsel, hereby answers Cross-Complainant's Cross-Complaint and alleges as follows:

## JURISDICTION AND VENUE

    1.    In response to Paragraph 1 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

    2.    Admitted that the subject property is located in this district. The remaining allegations in this paragraph are denied.

## PARTIES/FACTS

3. Cross-Defendant denies that it is a corporation. The remaining allegations in this paragraph are admitted.

4. Cross-Defendant admits on or about June 23, 2019 Plaintiff filed his Complaint against Cross-Complainant and Cross-Defendant seeking damages and remedies under state and federal law. The remaining allegations in paragraph 4 are unintelligible as written and subject to numerous definitions. Consequently, Cross-Defendant denies the remaining allegations in paragraph 4.

5. In response to Paragraph 5 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

6. Cross-Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies them.

## FIRST CAUSE OF ACTION FOR INDEMNITY AND DEFENSE REGARDING PLAINTIFF'S CLAIMS FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT.

7. In response to Paragraph 7, Cross-Defendant incorporates its responses to the previously alleged paragraphs of the Cross-Complaint.

8. In response to Paragraph 8 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

9. In response to Paragraph 9 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION FOR INDEMNITY AND DEFENSE REGARDING PLAINTIFF'S CLAIMS FOR VIOLATION OF THE CALIFORNIA CIVIL CODE

10. In response to Paragraph 10, Cross-Defendant incorporates its responses to the previously alleged paragraphs of the Cross-Complaint.

11. In response to Paragraph 11 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

12. In response to Paragraph 12 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

13. In response to Paragraph 13, Cross-Defendant incorporates its responses to the previously alleged paragraphs of the Cross-Complaint.

14. In response to Paragraph 14 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

15. In response to Paragraph 15 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

16. In response to Paragraph 16 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

17. In response to Paragraph 17 of the Cross-Complaint, Cross-Defendant is not required to answer legal conclusions and argument. Cross-Defendant denies each and every allegation.

The remainder of Cross-Complainant's Cross-Complaint beginning with the words "WHEREFORE" constitutes a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Cross-Defendant denies that the relief requested is proper or justified by all the facts of this case.

# ANSWER TO ALL ALLEGATIONS

All other allegations not specifically admitted are hereby denied. Cross-Defendant further denies that Cross-Complainant is entitled to any relief sought in the Cross-Complaint, or any relief whatsoever from Cross-Defendant.

In addition, Cross-Defendant asserts the following affirmative defenses with respect to all of Cross-Complainant's causes of actions and claims. These affirmative defenses are proffered with the caveat that Cross-Defendant has not had the opportunity to undertake any discovery in this matter. Accordingly, Cross-Defendant reserves the right to amend this Answer to include additional affirmative defenses and/or additional factual bases for affirmative defenses stated below to the extent Cross-Defendant deems such amendment(s) necessary.

# AFFIRMATIVE DEFENSES

Cross-Defendant asserts the following affirmative defenses. Cross-Defendant does not intend to assume the burden of proof with respect to those matters for which, pursuant to law, Cross-Complainant bears the burden.

### First Affirmative Defense

(Failure to State a Claim)

1. The Cross-Complaint fails to state a claim upon which relief can be granted against Cross-Defendant.

### Second Affirmative Defense

(Statute of Limitations)

2. Cross-Complainant's claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

(Existing Facility Before January 26, 1993)

3. The facility was first occupied before January 26, 1993, has not been altered to affect the usability of the facility since that time, and removal of the alleged barriers is not readily achievable.

ANSWER AND AFFIRMATIVE DEFENSES OF CROSS-DEFENDANT TO CROSS-COMPLAINT
Case No.: CV 08:19-01262 JAK (JPRx)

**Fourth Affirmative Defense**

(Failure to Mitigate Damages)

4.     Cross-Complainant has failed to mitigate his damages, if any.

**Fifth Affirmative Defense**

(Mootness)

5.     Cross-Complainants' claims are barred under the doctrine of mootness because the barriers alleged by Cross-Complainants, if there were any, have been remediated.

**Sixth Affirmative Defense**

(Estoppel)

6.     Cross-Complainant is estopped by his conduct from recovering any relief under the Cross-Complaint.

**Seventh Affirmative Defense**

(Lack of Notice)

7.     Cross-Complainant's claims are barred because Cross-Complainant failed to provide any notice to Cross-Defendant regarding the alleged accessibility issues prior to filing this Counter-Claim.

**Eighth Affirmative Defense**

(Unclean Hands)

8.     Without admitting any allegations of the Cross-Complaint, Cross-Defendant alleges that the Cross-Complaint, and each purported cause of action contained therein, is barred by the Doctrine of Unclean Hands by reason of Cross-Complainant's own acts, omissions and conduct.

**Ninth Affirmative Defense**

(No Supplemental Jurisdiction)

9.     This Court lacks supplemental jurisdiction over Cross-Complainant's state law claims.

**Tenth Affirmative Defense**

(Good Faith)

10. At all times relevant to this Cross-Complaint, Cross-Defendant has acted in good faith.

WHEREFORE, this answering Cross-Defendant prays for judgment as follows:

1. That Cross-Complainant take nothing by virtue of his Cross-Complaint;
2. For costs of suit incurred herein; and
3. For such other relief as the Court may deem just and proper.

Dated: 12-24-19                      LAW OFFICE OF STEVEN A. FREUND
                                     A PROFESSIONAL CORPORATION


                                     By_____/s/_____
                                     Steven A. Freund,
                                     Attorneys for Cross-Defendant MSM Carson, L.L.C.

**DEMAND FOR JURY TRIAL**

Cross-Defendant demands trial by jury on all issues so triable.

Dated: 12-24-19               LAW OFFICE OF STEVEN A. FREUND
                              A PROFESSIONAL CORPORATION


                              By_____/s/_____
                              Steven A. Freund,
                              Attorneys for Cross-Defendant MSM Carson, L.L.C.